U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 2 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| INSTAR SERVICES GROUP, L.P. | CIVIL ACTION NO. 07-1435 |
| versus | JUDGE TRIMBLE |
| A RIVERS EDGE BED & BREAKFAST, LLC, WANDA SUE TRAWEEK, AND BILLY BANKS TRAWEEK | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is plaintiff's "Motion to Dismiss Defendants' Unfair Trade Practice Counterclaim" [R. 9] in which plaintiff asserts that defendants lack the standing to maintain claims under the Louisiana Unfair Trade Practices Act ("LUTPA," "the Act") and, accordingly, such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons specified herein, the court finds that plaintiff's motion should be granted in part and denied in part.

I. **BACKGROUND**

A. **Relevant Facts**

Plaintiff, a Delaware property restoration company with its principal place of business in Fort Worth, Texas, filed the instant suit against defendants A Rivers Edge Bed & Breakfast ("Rivers Edge," "B&B"), Wanda Sue Traweek and Billy Banks Traweek ("Traweeks") on August 28, 2007. Plaintiff alleges that it entered into a contract to provide renovations to two structures owned by the Traweeks: a rent house and the B&B located next door to each other on

Gus Street in Westlake, Louisiana.[1] Plaintiff further alleges that defendants failed to pay "any monies whatsoever for the work performed by Instar" despite repeated "amicable requests for payment."[2] Specifically, plaintiff prays for judgment in the amount of $144, 385.68 (the cost of repairs it claims to have made to both the rent house and the B&B) plus interest, costs and attorney fees, as well as any other equitable relief deemed appropriate by this court.[3]

Defendants answered the suit and asserted counterclaims based on breach of contract, detrimental reliance and violations of LUTPA.[4] Defendants' answer admits that the parties entered into a contract for the provision of renovations to both the rent house and B&B. Defendants assert, however, that plaintiff "demolished" these structures and then did not return to continue work on these projects until some five (5) months later, at which time defendants allege the work performed was "faulty," causing them to hire another contractor to "re-do the work that InStar did."[5] Accordingly, defendants pray for damages, treble damages, attorney fees and costs.[6]

### B. Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the

---

[1] Complaint [R. 1] at ¶ 7

[2] Id. at ¶¶ 13 - 15.

[3] Id. at ¶¶ 25A, B.

[4] Answer and Counterclaim [R. 3] at ¶¶ H - J.

[5] Id. at pp. 5 - 6.

[6] Id. at p. 8

Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

## II.  Analysis of Law and Arguments

Plaintiff's motion seeks dismissal of defendants' LUTPA claims on the basis that defendants lack standing to maintain such claims under the Act because they are neither "business competitors," nor "direct consumers" in relation to plaintiff.[11] Defendants respond by asserting that they do, indeed, qualify as "direct consumers" for purposes of the contract negotiated between these parties.[12]

The Louisiana Unfair Trade Practices Act was modeled after the Federal Trade Commission Act, 15 U.S.C. § 45, and was enacted to aid in the prevention of fraud and

---

[7] Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n. 987 F.2d 278, 284 (5th Cir. 1993); Brumberger v. Sallie Mae Servicing Corp., 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[8] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[9] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[10] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[11] Motion [R. 9] at p. 3.

[12] Opposition to Motion [R. 14] at p. 4.

deception in consumer transactions.[13] The Act provides a private right of action to both "business competitors" and "direct consumers."[14] The Act defines "consumer" as "any person who uses, purchases, or leases goods or services" and "consumer transaction" as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family or household use."[15] As noted by defendants, the definition of "consumer" is to be viewed in concert with that of "consumer transaction."[16]

Examining defendants' counterclaim, the court finds no allegations of fact which would entitle the Traweeks to maintain an LUTPA claim as to their rent house. While the Traweeks may own this home individually, defendants clearly utilize this structure for commercial purposes. Accordingly, any renovations contracted for between the plaintiff and defendants cannot reasonably be characterized as services for "personal, family or household use" as required by the Act. The court finds that the portion of defendants' LUTPA claims relating to the rent house located at 2031 Gus Street, Westlake, Louisiana should be dismissed with prejudice. Defendants' claims on this property as to breach of contract and unjust enrichment remain.

Defendants assert that the second structure at issue in this motion, the B&B, serves not

---

[13] Omnitech Intern., Inc. v. Clorox Co., 11 F.3d 1316, 1331-32, n. 23 (5th Cir. 1994).

[14] Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc., 292 F.3d 471 (5th Cir. 2002) citing Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc., 220 F.3d 396 (5th Cir. 2000).

[15] La. R.S. 51:1402(1), 1402(3).

[16] Opposition to Motion [R. 14] at p. 4; Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc., 922 F.2d 220 (5th Cir. 1991); Hamilton v. Business Partners, Inc., 938 F.Supp. 370 (E.D. La. 1996).

only as a commercial enterprise, but also as their home. Given the jurisprudence discussed above and its mandate of factual determination as to standing, the Court finds that the motion to dismiss should be denied as to the B&B and converted to a motion for summary judgment, as the adjudication of the remaining issue necessarily indicates matters beyond the scope of the pleadings. The court instructs that the parties shall fully brief the issue of whether or not the renovations contracted for concerning the B&B fit the definition of "commercial transaction" provided in the LUTPA. Defendants, in particular, must provide the court with facts sufficient to determine the volume of business conducted in the B&B, the ownership of the structure which constitutes the B&B, and the relative sizes of the commercial and household aspects of this structure. Upon receipt of this and all other summary judgment evidence as may be submitted, the court will consider the motion for summary judgment and issue a ruling in due course with notice to all parties.

Alexandria, Louisiana
January 28, 2008

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE